It was ruled in this cause, that a judgment shall not relate to the first day of a term, so as to cut out a domestic attachment, (b)

 It appears from the MSS. of President Shippen, that the questions raised in this case, were argued by Lewis, for tho plaintiff, and Lngersoll, for the attaching-creditors, and the following note is given of the opinion of the court: “The court did not give any judgment in this case, but expressed their opinion clearly on the first point, that a judgment, subsequent to the attachment, should not relate to tne first day of tho term, so as to avoid the lien of the attachment. The second point, whether, the great delay in the proceedings on tho attachment, the discontinuing it on the docket, by entering a *197 judgment at the third court (as if on a foreign attachment), and no further proceedings had on it, by appointing auditors, &c., does not raise such a presumption of collusion between the plaintiff in the attachment and the debtor, as to let in the judgment-creditor, was held under advisement.” The cause was removed by certiorari to the supreme court, where the decision was in favor of the judgment-creditor. See the case, post, p. 450. It is to be remarked, that the question arose under the acts of 1723 (1 Sm. Laws, 158,), and 1752 (Id. 218), which have been altered and supplied by the act of Dec. 4, 1807 (4 Id. 478). This recent act provides (§ 4), that “the trustees shall be deemed vested with all the estate of the debtor at the time of issuing the attachment,” a proviso which did not exist in the old acts; and therefore (independently of the general objections to the decision of the supreme court in this case), it may be doubted, whether the question would now be determined in the same way. See also, Welsh v. Murray, 4 Yeates 197.